**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

BRUCE A. DOVELL,

        Plaintiff,

                                 **CASE NO. C2-07-461**
    v.                             **JUDGE EDMUND A. SARGUS, JR.**

THE GUERNSEY BANK, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court upon motion of the Defendant The Guernsey Bank for summary judgment (Doc. #6). For the reasons that follow, the motion is GRANTED together with Judgment in favor of the Defendants, The Guernsey Bank, the State of Ohio, and the Franklin County Prosecutor.

### I.

On November 26, 2003, Bruce A. Dovell, Plaintiff herein, commenced an adversary proceeding in the Bankruptcy Court. Counts One and Two of his Complaint seek a money judgment against the Defendant, The Guernsey Bank, as to claimed violations of the automatic stay and for intentional infliction of emotional distress. The third count seeks injunctive relief against the State of Ohio and the Franklin County Prosecutor. On January 15, 2004, the Bankruptcy Court issued a preliminary injunction against the State of Ohio and the Franklin County Prosecutor enjoining further prosecution of a criminal case then pending against Dovell in the Franklin County Court of Common Pleas.

Thereafter, Defendant The Guernsey Bank filed a Motion for Summary Judgment

as to the claims of the Plaintiff. In turn, Dovell filed a Cross Motion for Summary Judgment, both of which were denied by the Bankruptcy Court on September 30, 2005. Following the original Bankruptcy Judge's retirement, a new judge was assigned to the case. The newly assigned Bankruptcy Judge granted leave to The Guernsey Bank to renew its Motion for Summary Judgment. On March 27, 2007, the Bankruptcy Court denied the renewed motion of The Guernsey Bank for summary judgment, given the prior decision of the retired judge. On March 17, 2007, the Bankruptcy Court issued an Order Referring the Proceeding to the District Court. By order of the undersigned, The Guernsey Bank was granted leave to file a renewed Motion for Summary Judgment which is now before the Court for final disposition.

## II.

Many of the underlying facts relevant to the pending motion are undisputed. Plaintiff Bruce A. Dovell filed a Chapter 7 petition in Bankruptcy on June 4, 2003. He was subsequently issued a Chapter 7 discharge on November 24, 2003.

After Dovell filed his Chapter 7 petition, a representative of the The Guernsey Bank met with a detective from the Worthington Division of Police. The same detective subsequently interviewed the Plaintiff in the presence of his attorney. The Worthington Police Department thereafter sent a report to the Franklin County Prosecutor's Office. Assistant Prosecuting Attorney John Graceffo presented the matter to the grand jury. Subsequently, the Franklin County grand jury returned an indictment against the Plaintiff charging him with one count of theft by deception, in violation of O.R.C. § 2913.02 and one count of passing bad checks, in violation of O.R.C. § 2913.11, both felonies under Ohio law. Prior to the return of the indictment, no charges had been filed against the Plaintiff.

2

Attached to the Defendant's Motion for Summary Judgment is the affidavit of Detective James A. Moran of the City of Worthington, Division of Police. Detective Moran avers that he investigated various transactions between Dovell and The Guernsey County Bank. In his affidavit, Moran further stated that the purpose of the investigation was not to collect a debt but to determine violations of criminal law. Detective Moran also states that his decision to forward an investigative report to the Franklin County Prosecutor's Office was made through his independent judgment and not through the efforts of The Guernsey Bank.

Assistant Franklin County Prosecutor John Graceffo also executed an affidavit describing the steps he took in presenting the matter against the Plaintiff to the Franklin County Grand Jury. According to Graceffo, he reviewed the report from the Worthington Division of Police and made an independent conclusion as to the evidence submitted. Graceffo also avers that he had no contact with The Guernsey Bank or any of its employees prior to the returning of the indictment by the grand jury. Graceffo also avers that the purpose of the prosecution was to hold the Defendant responsible for violation of criminal statutes and not as a means to collect a debt for The Guernsey Bank.

From this, in a decision dated January 13, 2004, the Bankruptcy Court determined that neither the investigation or prosecution would have occurred had The Guernsey Bank not contacted the Worthington Division of Police. The Bankruptcy Court also placed emphasis upon the fact that the Franklin County Prosecutor's Office was unclear as to whether a restitution order issued in the criminal case would be effected by the Plaintiff's discharge in bankruptcy. The Bankruptcy Court concluded that the criminal proceeding was initiated for the purpose of collecting a debt and therefore was subject to the automatic stay prohibiting action against the

3

debtor upon the filing of a petition in bankruptcy.

## III.

Bankruptcy Rule 8013 sets forth the standard of review applicable to this appeal. The Rule states in its entirety:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

In an appeal to this Court, the determination of the Bankruptcy Court as to issues of law are reviewed *de novo*. *In re Isaacman,* 26 F.3d 629, 631 (6th Cir. 1994).

The dispute in this case comes at the intersection of bankruptcy and criminal law. In general, once a debtor has filed a petition in bankruptcy, creditors are barred from commencing or continuing judicial proceedings. The issue in this case is whether such restraint applies to a criminal proceeding against the debtor.

Federal law provides that a petition in bankruptcy "(a) operates as a stay, applicable to all entities, of – (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. . . . " 11 U.S.C. § 362(a)(1). Without this section, known as the automatic stay, a bankruptcy court could not administer a case, centralize all debts, and give a meaningful discharge.

4

The automatic stay, however, is limited in one regard at the core of this dispute. 11 U.S.C. § 362(b) states that the section "does not operate as a stay – (1) of the commencement or continuation of a criminal action or proceeding against the debtor. . . ."

A number of bankruptcy court decisions have discussed the scope and extent of the exception to the automatic stay regarding commencement or continuation of criminal actions against the debtor. In a recent decision, the split among various bankruptcy courts was noted. The court observed:

> There appears to be no controlling case law from the Sixth Circuit directly applying the exception in paragraph 362(b)(1). Other courts have divided into at least two interpretations of the extent of this provision. The first interpretation finds that the exception in paragraph 362(b)(1) is an absolute exception regardless of prosecutorial purpose or bad faith. See Gruntz v. Los Angeles, 202 F.3d 1074 (9th Cir.2000); Simonini v. Bell (In re Simonini), 69 Fed. Appx. 169 (4th Cir.2003); Rollins v. Campbell (In re Rollins), 243 B.R. 540 (N.D.Ga.1997); In re Caravona, 347 B.R. 259 (Bankr.N.D.Ohio 2006); Dennison v. Davis (In re Dennison), 321 B.R. 378 (Bankr.D.Conn. 2005); Pickett v. Quinn (In re Pickett), 321 B.R. 663 (Bankr.D.Vt. 2005). The second interpretation focuses on the motive behind the criminal prosecution and finds that the exception does not apply when the primary motivation is the collection of a debt. See Batt v. Am. Rent-All (In re Batt), 322 B.R. 776 (Bankr.N.D.Ohio 2005); Dovell v. Guernsey Bank (In re Dovell), 311 B.R. 492 (Bankr.S.D.Ohio 2004); Williamson-Blackmon v. Kimbrell's of Sanford (In re Williamson-Blackmon), 145 B.R. 18 (Bankr.N.D.Ohio 1992).

In Re Yost, 2007 WL 184674 (Bankr.N.D.Ohio Jan. 19, 2007).

There is a dearth of authority from the various courts of appeals and district courts addressing the issue. Neither the Supreme Court nor the Court of Appeals for the Sixth Circuit has addressed the propriety of a bankruptcy judge issuing a stay of a criminal proceeding upon a finding that the matter is essentially an attempt by a creditor to collect a debt.

5

The most thorough analysis by a court of appeals of the issue raised in this case is found in *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) ( *en banc*)[1].  The Ninth Circuit initially acknowledged that a recognized authority, 3 COLLIER ON BANKRUPTCY, 362-48 (15th ed. 1999), together with a number of bankruptcy court decisions discussed below, have found the criminal proceeding exception unavailable,  if the purpose of the criminal action was to collect a debt or was brought in bad faith.

The Ninth Circuit rejected this interpretation by relying upon the plain language of the statute.  As the Court noted:

> On its face, it [§ 362(b)(1)] does not provide any exception for
> prosecutorial purpose or bad faith.  If the statutory command of the
> Bankruptcy Code is clear, we need look no further; it must be
> enforced according to its terms.  *See United States v. Ron Pair
> Enterprises, Inc.*, 489 U.S. 235, 241 (1989).  Indeed, to do
> otherwise would insert phrases and concepts into the statute that
> simply are not there.

202 F.3d at 1087.

The Ninth Circuit went further, however, and noted that, in addition to the plain meaning of the statute, other compelling reasons justified the exemption of criminal proceedings from the automatic stay.  According to the Court in *Gruntz*, the literal language of § 362(b)(1) is also "consistent with 'the provisions of the whole law, and to its object and policy.'" *Id.* at 1085, citing *Kelly v. Robinson,* 479 U.S. 36, 43 (1986).  In *Kelly*, the Supreme Court held:

> Our interpretation of the Code also must reflect the basis for this
> judicial exception, a deep conviction that federal bankruptcy courts
> should not invalidate the results of state criminal proceedings.  The

---

[1]The only other appellate court that has addressed the issue before this Court is an unreported opinion of the Fourth Circuit which reached the same conclusion as in *Gruntz*. *Simonini v. Bell*, 69 Fed. Appx. 169 (4th Cir. 2003).

> right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States. This Court has emphasized repeatedly "the fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46.

479 U.S. at 47 (emphasis added).

Federal courts have long held that notions of federalism prevent interference with ongoing state criminal proceeding in all but the most limited circumstances. This principle applies to federal district courts, as well as bankruptcy courts. To hold otherwise would be to subject state court judgments and proceedings to review by either the bankruptcy or district court and at the same time destroy notions of federalism and comity. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In the absence of a clear Congressional mandate to the contrary, courts should not give an expansive reading to a statute, when such interpretation results in a significant interference with pending state criminal proceedings.

In *Gruntz,* the Court of Appeals discussed a variety of additional reasons why the automatic stay should not apply to criminal prosecutions. First, criminal prosecutions are brought by a prosecutor in the name of the state. In this case, the prosecutor has no connection to The Guernsey Bank. The bank has no control over the criminal proceeding and cannot on its own settle or dismiss the pending criminal case.

Second, for a bankruptcy court to determine that a criminal prosecution was brought for the purpose of collecting a debt or initiated in bad faith is to place the court in a position to review the decision to prosecute. In other contexts, the decision to prosecute rests solely with a prosecutor and "is particularly ill-suited to judicial review." *Wayte v. United States*,

7

470 U.S. 598, 607 (1985).

Additionally, in order for a bankruptcy court to make such a determination, it would necessarily have to review, in this case particularly, the evidence presented by the prosecutor to the grand jury.  For compelling reasons, such as the protection of witnesses, the prevention of flight, and the preservation of reputations if no indictment occurs,  matters occurring before the grand jury are presumptively secret under both federal and Ohio law.  *See* Fed. R. Crim. P. 6(E); Ohio Crim. R. 6(E).  The primary exception to the secrecy of grand jury proceedings has to do with the ability of a defendant to obtain prior statements of witnesses and exculpatory evidence, which are necessary and compelling reasons for disclosure.  No similar compelling reason exists in the context of this case.

Further, the fact that a state grand jury returned an indictment against the plaintiff is, of course, a conclusion by that body that it found probable cause demonstrating that Dovell had committed two felonies.  Under federal law, the return of an indictment "conclusively determines the existence of probable cause" as to a malicious prosecution claim brought under 42 U.S.C. § 1983.  *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006), citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).  Under Ohio law, the return of an indictment by a grand jury creates a presumption that a malicious prosecution claim will not lie.  *Deoma v. City of Shaker Heights*, 68 Ohio App. 3d 72 (1990).  For a federal court to place no weight on the fact that a grand jury found probable cause that a crime had occurred would severely diminish the role of an institution enshrined in the Bill of Rights[2] and the Ohio Constitution.[3]

---

[2] U. S. Const. amend. V.

[3] Ohio Const., Art. I, § 10.

8

Third, the Court in *Gruntz* found that Congress has indeed provided a specific federal remedy for state court criminal convictions obtained in violation of either the Constitution or a federal statute.  In 28 U.S.C. § 2254, jurisdiction is conferred upon the Supreme Court, the Courts of Appeals, or District Courts to entertain an application for a writ of habeas corpus upon a claim that a person is in custody in violation of the laws of the United States.  To the extent the Bankruptcy Court in this case found that the state criminal proceeding was in violation of federal law, such findings impinge upon the jurisdiction of the courts enumerated in § 2254 as having jurisdiction over federal habeas corpus claims.  At one time, Congress enacted a provision granting bankruptcy courts the authority to issue writs of habeas corpus in limited circumstances.  *See* P.L. 95-598, Title II, § 250(a), Title III, § 314(j)(1).  This provision was deleted, however, before its effective date following in the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984.  *See Gruntz*, 202 F. 3d at 1086-87, n. 14.

In addition to the reasoning in *Gruntz*, this Court observes that the Bankruptcy Court failed to recognize that, under both federal and Ohio law, a party with knowledge of a felony, particularly a bank, is <u>required</u> to report such offense to law enforcement, regardless of motive.  18 U.S.C. § 4 states in its entirety:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Similarly, Ohio Revised Code Section 2921.22(A) states: "No person, knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement

authorities." O.R.C. § 2921.22(I) defines a violation of this section as a crime, constituting a misdemeanor of the fourth degree.

The Bankruptcy Court in this case assumed that the bank could simply ignore what it determined was a violation of the criminal law. Under federal law, banks are required "to report any suspicious transaction relevant to a possible violation of law or regulation." 31 U.S.C. § 5318(g). *See also* 31 C.F.R. § 103.18(a)(1). Because a bank is required to report suspected criminal activity, the fact of reporting does not raise an inference that the action of the bank was taken to collect a debt.

In addition, the bankruptcy court in this case placed emphasis upon the fact that the assistant county prosecutor could not determine whether the discharge given Dovell in the bankruptcy proceedings would be a defense to a restitution order in the state criminal case. *Dovell*, at 495. This Court assumes that the bankruptcy judge was concerned that the state court would not view the discharge as applicable to a restitution order and would direct Dovell to pay on what the bankruptcy court believed was a discharged debt.

The bankruptcy court's concern as to a restitution order in the state criminal case is misplaced. Restitution amounts ordered in state judicial proceedings are not dischargeable in bankruptcy, under 11 U.S.C. § 523(a)(19). More fundamentally, a restitution order in a criminal case represents a financial obligation unlike a debt owed to an ordinary creditor. As the Supreme Court explained:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed

10

undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. As the Bankruptcy Judge who decided this case noted in *Pellegrino*: Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose. 42 B.R., at 133

*Kelly v. Robinson*, 479 U.S. at 52.

This Court concludes that the criminal proceedings are exempt from the automatic stay by virtue of the plain language of the statute. In this case, an independent investigation was conducted by a detective from the Worthington Department of Police. The report of the investigation was turned over to an assistant county prosecutor who is completely independent from the Defendant, The Guernsey Bank. The prosecutor submitted this case for consideration by a grand jury of the Franklin County Court of Common Pleas. The grand jury returned an indictment charging two felonies against the Plaintiff.

Under these circumstances, the automatic stay set forth in § 362(a)(1) does not apply, since § 362(b)(1) excludes from the stay the commencement or continuation of a criminal action against the debtor. To hold otherwise would be to encourage an intrusion upon important principles of federalism, cause improper judicial review of prosecutorial decisions, invade the secrecy of grand jury proceedings and prevent parties from reporting violations of criminal law to law enforcement authorities even when the same is required by law.

**IV.**

Based upon the foregoing, the Motion for Summary Judgment brought by The Guernsey Bank (Doc. #6) is hereby **GRANTED**. The preliminary injunction issued by the Bankruptcy Court against The Guernsey Bank, the State of Ohio, and the Franklin County Prosecutor is hereby **VACATED**. This case is **DISMISSED**.

**IT IS SO ORDERED**

8-9-2007
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

12